## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DCL HOLDINGS (USA), INC., | Case No. 22-11319 (JKS) |
| Debtor. | |
| Tax I.D. No. 82-4965472 | |
| In re: | Chapter 11 |
| DCL CORPORATION (BP), LLC, | Case No. 22-11320 (JKS) |
| Debtor. | |
| Tax I.D. No. 86-3505462 | |
| In re: | Chapter 11 |
| H.I.G. COLORS HOLDINGS, INC., | Case No. 22-11321 (JKS) |
| Debtor. | |
| Tax I.D. No. 82-4906233 | |
| In re: | Chapter 11 |
| H.I.G. COLORS, INC., | Case No. 22-11322 (JKS) |
| Debtor. | |
| Tax I.D. No. 37-1904305 | |
| In re: | Chapter 11 |
| DCL CORPORATION (USA) LLC, | Case No. 22-11323 (JKS) |
| Debtor. | |
| Tax I.D. No. 82-4955534 | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DOMINION COLOUR CORPORATION (USA), | ) | Case No. 22-11324 (JKS) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 22-2167076 | ) |  |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) DIRECTING JOINT ADMINISTRATION OF THEIR**
**RELATED CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this *Motion for Entry of an Order (I) Directing Joint Administration of Their Related Chapter 11*

*Cases; and (II) Granting Related Relief* (the "Motion"). In support of this Motion, the Debtors

respectfully represent as follows:

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto

as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of

their related chapter 11 cases; and (b) granting related relief.  Specifically, the Debtors request that

the Court maintain one file and one docket for all of these chapter 11 cases under the case of DCL

Holdings (USA), Inc., and that the Court administer these chapter 11 cases under a consolidated

caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DCL HOLDINGS (USA), INC., *et al.*,[1] | ) | Case No. 22-11319 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

2

<sup>1</sup>    The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: DCL Holdings (USA), Inc. (5472); DCL Corporation (BP), LLC (5462); H.I.G. Colors Holdings, Inc. (6233); H.I.G. Colors, Inc. (4305); DCL Corporation (USA) LLC (5534); and Dominion Colour Corporation (USA) (7076). The location of DCL Holdings (USA), Inc.'s corporate headquarters and the Debtors' service address is: 1 Concorde Gate, Suite 608, Toronto, Ontario (Canada) M3C 3N6.

2.    The Debtors further request that the Court order that the foregoing caption satisfies

the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.    Additionally, the Debtors request that an entry be made on the docket of each of

the Debtors' chapter 11 cases, other than on the docket of the case of DCL Corporation (USA),

Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: DCL Holdings (USA), Inc. 22-11319 (JKS); DCL Corporation (BP), LLC 22-11320 (JKS); H.I.G. Colors Holdings, Inc. 22-11321 (JKS); H.I.G. Colors, Inc. 22-11322 (JKS); DCL Corporation (USA) LLC 22-11323 (JKS); and Dominion Colour Corporation (USA) 22-11324 (JKS). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-11319 (JKS).

### Jurisdiction and Venue

4.    The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012.  The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District

of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with

this motion to the extent that it is later determined that the Court, absent consent of the

3

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105(a) and 342 of title 11 of the United States Code, §§ 101–1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

### Background

7.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in any of these cases.

8.      The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Scott Davido in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference. Any capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the First Day Declaration.

### Basis for Relief

9.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

4

order a joint administration of the estates." The six Debtor entities that commenced chapter 11

cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly,

the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint

administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and
> an opportunity for hearing, upon the filing of a motion for joint
> administration pursuant to Fed. R. Bankr. P. 1015, supported by an
> affidavit, declaration, or verification, which establishes that the joint
> administration of two or more cases pending in the Court under title
> 11 is warranted and will ease the administrative burden for the Court
> and the parties. An order of joint administration entered in
> accordance with this Local Rule may be reconsidered upon motion
> of any party in interest at any time. An order of joint administration
> under this Local Rule is for procedural purposes only and shall not
> cause a "substantive" consolidation of the respective debtors'
> estates.

11.     Joint administration of these chapter 11 cases will provide significant

administrative convenience without harming the substantive rights of any party in interest. The

Debtors operate as an integrated business with common ownership and control. The Debtors also

share financial and operational systems. As a result, many of the motions, hearings, and orders in

these chapter 11 cases will affect each and every Debtor entity. Joint administration will reduce

fees and costs by avoiding duplicative filings and objections. Joint administration will also allow

the Court, the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties

in interest to monitor these chapter 11 cases with greater ease and efficiency.

12.     Moreover, joint administration will not adversely affect the Debtors' respective

constituencies because this Motion seeks only administrative, not substantive, consolidation of the

Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in

interest will benefit from the cost reductions associated with the joint administration of these

5

chapter 11 cases.  Accordingly, the Debtors submit that joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Notice

13.     The Debtors will provide notice of this Motion to:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to the administrative agents under the Debtors' prepetition secured credit facilities; (d) counsel to the administrative agent under the Debtors' DIP credit facility; (e) counsel to the Pre-Petition Term Loan Lender; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the Monitor (as defined in the Cross Border Motion); (i) the state attorneys general for all states in which the Debtors conduct business or have conducted business; and (j) any party that requests service pursuant to Bankruptcy Rule 2002.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will  serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. L.R. 9013-1(m)(iv).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form of **Exhibit A** granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

*[Remainder of Page Intentionally Blank]*

6

Dated: December 20, 2022          /s/ Amanda R. Steele
Wilmington, Delaware          **RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                steele@rlf.com

- and -

**KING & SPALDING LLP**
Jeffrey R. Dutson (*pro hac vice* pending)
Brooke L. Bean (*pro hac vice* pending)
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309-3521
Telephone:      (404) 572 4600
Facsimile:      (404) 572-5100
Email:          jdutson@kslaw.com
                bbean@kslaw.com

- and -

**KING & SPALDING LLP**
Michael R. Handler (*pro hac vice* pending)
Miguel Cadavid (*pro hac vice* pending)
(admitted in Georgia)
1185 Avenue of the Americas
New York, NY 10036
Telephone:      (212) 556-2100
Email:          mhandler@kslaw.com
                mcadavid@kslaw.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

# **EXHIBIT A**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DCL HOLDINGS (USA), INC., | ) Case No. 22-11319 (JKS) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-4965472 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| DCL CORPORATION (BP), LLC, | ) Case No. 22-11320 (JKS) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 86-3505462 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| H.I.G. COLORS HOLDINGS, INC., | ) Case No. 22-11321 (JKS) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-4906233 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| H.I.G. COLORS, INC., | ) Case No. 22-11322 (JKS) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 37-1904305 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| DCL CORPORATION (USA) LLC, | ) Case No. 22-11323 (JKS) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-4955534 | ) |

```
                                              )
In re:                                        )   Chapter 11
                                              )
DOMINION COLOUR CORPORATION (USA),            )   Case No. 22-11324 (JKS)
                                              )
               Debtor.                        )
                                              )
Tax I.D. No. 22-2167076                       )
```

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing procedural consolidation and joint administration of the Debtors' related chapter 11 cases; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 22-11319 (JKS).

3.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| DCL HOLDINGS (USA), INC., *et al.*[1] | ) ) Case No. 22-11319 (JKS) |
| Debtors. | ) ) (Jointly Administered) ) |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: DCL Holdings (USA), Inc. (5472); DCL Corporation (BP), LLC (5462); H.I.G. Colors Holdings, Inc. (6233); H.I.G. Colors, Inc. (4305); DCL Corporation (USA) LLC (5534); and Dominion Colour Corporation (USA) (7076). The location of DCL Holdings (USA), Inc.'s corporate headquarters and the Debtors' service address is: 1 Concorde Gate, Suite 608, Toronto, Ontario (Canada) M3C 3N6.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      An entry shall be made on the docket of each of the Debtors' cases (other than the chapter 11 case of DCL Corporation (USA), Inc.) that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: DCL Holdings (USA), Inc. 22-11319 (JKS); DCL Corporation (BP), LLC 22-11320 (JKS); H.I.G. Colors Holdings, Inc. 22-11321 (JKS); H.I.G. Colors, Inc. 22-11322 (JKS); DCL Corporation (USA) LLC 22-11323 (JKS); and Dominion Colour Corporation (USA) 22-11324 (JKS). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-11319 (JKS).

6.       The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.       Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.       The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.       This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.